SUMMARY ORDER

Petitioner Xiu Min Chen, a native and citizen of the People’s Republic of China, seeks review of a July 17, 2008 order of the BIA affirming the October 26, 2007 decision of Immigration Judge (“IJ”) Alan Vomacka denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xiu Min Chen, No. A200- *555 115-825 (B.I.A. July 17, 2008), aff'g No. A200-115-825 (Immig. Ct. N.Y. City Oct. 26, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). “We defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder eould make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Substantial evidence supports the IJ’s adverse credibility determination.[2] See Corovic, 519 F.3d at 95. In her brief, Chen does not challenge the IJ’s adverse credibility determination to the extent it was based on: (1) her demeanor, which the IJ found was not indicative of someone testifying from her own experiences; (2) the implausibility of her testimony that the government would issue her a certificate confirming a forced abortion; (3) the implausibility of her testimony that she would have a smuggler obtain a Chinese passport in her own name at a time when the government was allegedly seeking to punish her; (4) the implausibility of her claim that the government would issue fine notices to her and her boyfriend at their parents’ homes when Chen testified that the authorities had located them at their own apartment; (5) his finding that it was implausible that Chen’s boyfriend would list his parents’ address on the envelope in which he submitted his letter in support of her asylum application, thereby placing his parents in danger; (6) the implausibility of Chen’s testimony that her boyfriend had to hide even though his mother had paid the fine imposed upon him; and (7) the implausibility of Chen’s testimony that her family would pay to have her smuggled to the United States instead of paying the much lower amount of the family planning fine. As Chen fails to challenge those findings before this Court, they stand as valid bases for the IJ’s adverse credibility determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008).
Although Chen challenges other of the IJ’s findings, we need not review her arguments because the findings she fails to challenge alone support the IJ’s credibility determination. See 8 U.S.C. § 1252(b)(4)(B). Therefore, the IJ properly denied her application for asylum and withholding of removal where the only evidence that she would be persecuted depended on her credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Chen has failed to meaningfully challenge before this Court the agency’s denial of CAT relief based on her illegal departure from China. Thus, we deem any such challenge waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 *556 (2d Cir.2005) (finding that a petitioner waived any challenge to the IJ’s well-founded fear finding where the petitioner “devotes only a single conclusory sentence to the argument”).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. We reject the government's assertion that Chen waived any challenge to the IJ’s adverse credibility determination by failing to address the REAL ID Act amendments to the INA. Cf. Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005); Balachova v. Mukasey, 547 F.3d 374, 380 (2d Cir.2008).